## U. G. I. v. McFalls

*Barley, Snyder, Cooper & Mueller*, for plaintiff.
*Marshall M. Cohen*, for defendant.

WISSLER, P. J., March 20, 1959.—Plaintiff filed its complaint in assumpsit which was later amended by stipulation of counsel to trespass. The complaint avers, inter alia, as follows: "(3) On September 13, 1957, the plaintiff and Robert Henry, of 23 Parkside Avenue, Lancaster, Pennsylvania, entered into a written security agreement lease by which the plaintiff sold to the said Robert Henry one household laundry dryer described in the security agreement lease as CD-85 Whirlpool Dryer; (4) The dryer was delivered by the plaintiff to Robert Henry on September 18, 1957; (5) By the terms of said security agreement lease, title to the dryer did not pass to Robert Henry until payments totaling $204.97 had been made to the plaintiff and a bill of sale for the dryer given by the plaintiff to Robert Henry; (6) On October 19, 1957, Robert Henry paid the plaintiff $8.94 of the purchase price, and on December 4, 1957, Robert Henry paid the plaintiff an additional $17.08 of the purchase price leaving a present balance owing under the security agreement lease of $179.35; (7) In the month of January, 1958, Robert Henry failed to pay an installment of $8.54 due at that time under the said security agreement lease and has not paid any amount whatsoever since that time; (8) By the terms of said security agreement lease, upon default in the payment of any installment for a period of ten days, the plaintiff is entitled to possession of the dryer; (9) On or about the early part of March, 1958, Robert Henry sold and delivered the dryer to

the defendant; (10) The defendant is a dealer in used household appliances and purchased the dryer for purposes of resale; (11) On July 8, 1958, the plaintiff demanded of the defendant the return of the dryer to it but the defendant refused to return the dryer, and refuses to return the dryer at the present time; and (12) The value of the dryer at the time of its conversion by the defendant was $180.00."

Defendant, William H. McFalls, filed preliminary objections to the complaint in the nature of a demurrer which, because of the stipulation filed by counsel subsequent thereto, raises but one question, namely: Does plaintiff have a cause of action against defendant because of plaintiff's failure to file a financing statement in accordance with the Uniform Commercial Code.

The complaint being in trespass sounding in trover and conversion is sufficient as the property converted is described with certainty, avers plaintiff's right to possession thereof, also avers defendant's possession thereof, and demand upon him and his refusal to deliver the property to plaintiff. . . .

The question then resolves itself to whether the failure of plaintiff to file a financing statement bars plaintiff from his action against defendant.

The Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 109, 12A PS §9-109(1), defines "consumer goods" as goods "used or bought for use primarily for personal, family or household purposes." There can be no question, therefore, that the description in the complaint of the article sold to Robert Henry as "one household laundry dryer" is within the above definition of "consumer goods". The question then is, does plaintiff bring itself within the exception of section 9-302(1) (d) of the Uniform Commercial Code which provides as follows: "A financing statement must be filed to perfect all security interests except those covered in sub-

section (2) and the following: . . . (d) a purchase money security interest in consumer goods; but filing is required if the goods are part of the realty under Section 9-313 or a motor vehicle required to be licensed": 12A PS §9-302(1) (d). Under Pennsylvania Bar Association Notes on this section, page 398, it is stated: "The implication of subsection (1) (d) that security interests in consumer goods must be filed if they do not secure advances of purchase money is in accord with the rationale of Pennsylvania decisions holding that the seller-lender is not protected against the purchaser's creditors if a purported bailment lease is executed after a transfer of possession. . . . Under Code Sec. 9-107, however, these transactions might qualify as purchase money security interests that would be effective without filing." This court is in accord with this statement and finds that plaintiff has brought itself within exception of section 9-302(1) (d) of the Uniform Commercial Code.

This then leaves one remaining question, was defendant a buyer of goods, such as is contemplated in section 9-307, subsection 2, of the Uniform Commercial Code, 12A PS §9-307(2), which provides as follows: "In the case of consumer goods and in the case of farm equipment having an original purchase price not in excess of $2500 (other than goods or equipment which are part of the realty, see Section 9-313), a buyer takes free of a security interest even though perfected if he buys without knowledge of the security interest, for value and for his own personal, family or household purposes or his own farming operations unless prior to the purchase the secured party has filed a financing statement covering such goods."

We have previously stated that the goods purchased by defendant were clearly "consumer goods" and were not purchased for defendant's own personal family or household purposes. Since by paragraph 10 of the com-

plaint, which for present purposes must be taken as true, it is averred that defendant is a dealer in used household appliances and purchased the dryer for purposes of resale, plaintiff therefore did not have to file a financing statement covering such goods as provided by the Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 9-307(2), 12A PS §9-307(2), and defendant did not purchase the same from Robert Henry free of the security interest of plaintiff.

And now, March 20, 1959, for the foregoing reasons, the preliminary objections filed by defendant are dismissed and defendant is granted leave to file an answer to the merits of the complaint within 20 days.